Dear Mr. Theriot:
You have requested the opinion of this office with regard to your concurrently holding the position of Alderman for the Village of Maurice, Louisiana, as well as employment as Assistant Vice President for Business Services with the University of Southwestern Louisiana (hereinafter referred to as "USL"). You indicated, in your letter of request, that you are an elected official of the Village of Maurice serving as Alderman. You are also employed on a full-time basis with USL.
According to LSA-R.S. 42:63(D), the holding of an elective office in a political subdivision of this state while holding employment with state government is prohibited. Thus, employment as assistant vice president for Business Services with USL, while holding the office of alderman of the Village of Maurice, violates the Dual Officeholding Law. Various exemptions are provided, however, under the provisions of LSA-R.S. 42:66(B). Specifically, LSA-R.S. 42:66(B), provides in pertinent part:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
If the exemption for employment in a professional educational capacity applies to your employment with USL, the prohibition found in LSA-R.S. 42:63(D), would not prohibit your holding the two positions at issue.
From a review of your job description, attached to your request, it is our conclusion that you do not hold employment in a professional education capacity. You are not required to teach, to affect the curriculum taught at the University, nor do your duties require you to directly participate in the delivery of educational programs at USL.
It has been the opinion of this office, that factors which are indicative of an individual performing in a "professional education capacity", include duties which affect the curriculum taught at the University, duties which require participation in the delivery of educational programs, and duties which require the planning of long and short range educational goals for students. See Attorney General Opinion Nos. 94-393, 95-113 and 97-304.
The common element shared by these factors, is that each is related to or directly affecting the curriculum or educational programs offered by the school. The job description which you provided does not reflect any involvement or impact on the curriculum at the University. The responsibilities of the position of vice president of Business Services for USL, while indeed necessary for the operation and performance of the University, do not appear to fall within the exemption.
Based on these facts, it is the opinion of this office that the Assistant Vice President for Business Services with the University of Southwestern Louisiana, is not employed in the professional educational capacity for purposes of the exemption provided in LSA-R.S. 42:66(B), and thus, is prohibited by LSA-R.S. 42:63(D) from concurrently holding such employment and the position of Alderman for the Village of Maurice.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB:glb
Date Received: Date Released:
CHARLES H. BRAUD, JR. Assistant Attorney General